IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF THE TREASURY<br>1500 Pennsylvania Avenue NW<br>Washington, DC 20220<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 19-2308 |

## COMPLAINT

1.　Plaintiff American Oversight brings this action against the U.S. Department of the Treasury under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.　This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.　Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.　Because Defendant the U.S. Department of the Treasury has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled

to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant the U.S. Department of the Treasury (Treasury) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Treasury has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

7.      On April 18, 2019, American Oversight submitted a FOIA request to Treasury bearing internal tracking number TREAS-19-0490.

8.      American Oversight's FOIA request to Treasury specifically sought the following records from January 20, 2017, through the date of the search:

> All email communications between Secretary Mnuchin, Ivanka Trump, Jared Kushner, and/or any individual communicating on their behalf regarding (1) Ms. Trump's and Mr. Kushner's presence on Air Force planes and (2) any invitations between Ms. Trump, Mr. Kushner, and Secretary Mnuchin inviting Secretary Mnuchin to trips with Ms. Trump and/or Mr. Kushner.

9. On April 18, 2019, Treasury acknowledged receipt of American Oversight's request and assigned it tracking number 2019-04-117.

10. In acknowledging the request, Treasury informed American Oversight that it required "an additional processing extension of (10) days" to process American Oversight's request.

11. As of the date of this complaint, Treasury has failed to (a) notify American Oversight of any determination regarding the request, including the scope of any responsive records Treasury intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

12. Through Treasury's failure to respond to American Oversight's FOIA request within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552
## Failure to Conduct Adequate Search for Responsive Records

13. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

14. American Oversight properly requested records within the possession, custody, and control of Treasury.

15. Treasury is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

16. Treasury has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA request.

17. Treasury's failure to conduct an adequate search for responsive records violates FOIA.

18. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA request.

### COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

19. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

20. American Oversight properly requested records within the possession, custody, and control of Treasury.

21. Treasury is an agency subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide a lawful reason for withholding any materials.

22. Treasury is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA request.

23. Treasury is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate non-exempt information in otherwise exempt records responsive to American Oversight's FOIA request.

24. Treasury's failure to provide all non-exempt responsive records violates FOIA.

25. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA

request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

### REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA request;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA request;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: August 1, 2019

Respectfully submitted,
*/s/ Khahilia Shaw*
Khahilia Shaw
D.C. Bar No. 1616974

*/s/ Elizabeth France*
Elizabeth France
D.C. Bar No. 999851

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 539-6507
khahilia.shaw@americanoversight.org
beth.france@americanoversight.org

*Counsel for Plaintiff*